UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

December 02, 2015
David J. Bradley, Clerk

| | | |
|---|---|---|
| Arthur Rogers, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action V-15-44 |
| | § | |
| City of Yoakum, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

1.     *Introduction.*

The City of Yoakum fired its police chief, Arthur Rogers. He sues the City and seven city employees for violating his constitutional rights and state statutory protections. Despite a hodgepodge of legal theories, Rogers fails to describe a transaction that the law protects.

2.     *Background.*

On December 10, 2007, the City hired Rogers as police chief – an at will employee. In December of 2011, Kevin Coleman became the city manager. Rogers's complaints arise out of (a) disagreements with Coleman and (b) Coleman's decision to fire Rogers.

3.     *According to Rogers.*

When Coleman became city manager, Rogers was in the middle of an investigation of Charles Kvita, the city attorney, for financial abuse of an elderly client in his private practice. Rogers briefed Coleman on the investigation of Kvita. Coleman required regular updates on the investigation. Coleman wanted the case to go away and told Rogers that Rogers had overstepped his authority.

At some point, Rogers referred the Kvita investigation to the Texas Rangers. Coleman ordered police department employees to refrain from discussing the Kvita investigation. On August 1, 2013, Kvita pleaded guilty. Coleman's close supervision of Rogers during the investigation intimidated Rogers.

Coleman supervised Rogers closely in other matters as well. Coleman disapproved of and interfered with Rogers's handling of multiple matters: an officer's meeting with an informant, management of police department personnel, management of information, investigation into threats to the public school, and discipline of an officer who tazed a suspect while yelling racial epithets.

In July of 2013, Coleman reviewed Rogers's performance and gave Rogers a poor evaluation. On July 10, 2014, the City fired Rogers after giving him the opportunity to resign. The City did not give Rogers the opportunity to challenge his dismissal. Coleman told the local newspaper that Rogers was fired for negligence. On July 11, 2014, Coleman notified the Texas Commission on Law Enforcement that Rogers was generally discharged.

4.      *No Process.*

Rogers was an at-will employee. He claims that he was fired without being afforded the statutorily mandated process.

In Texas, a peace officer cannot be fired based a complaint unless (a) he is given a signed copy of the complaint, (b) the complaint is investigated, and (c) evidence proves the misconduct.[1] Complaint is not defined by the statute.

This Texas law safeguards officers against "adverse employment actions . . . on unsubstantiated complaints."[2] A complaint is "any allegation of misconduct that could result in disciplinary action."[3] Complainant is narrowed to "the victim of misconduct" by the officer.[4]

Rogers pleads that after numerous disagreements with Coleman, Coleman fired him without giving him a signed copy of a complaint. Rogers further pleads that Coleman's allegations of misconduct were not supported by evidence.

Rogers believes that when he was fired because of disagreements with Coleman, he was fired because of a complaint. This reading is at odds with both the text and purpose of the statute.

---

[1] Tex. Gov't Code § 614.023

[2] *Turner v. Perry*, 278 S.W.3d 806, 823 (Tex.App.–Houston [14th Dist.] 2009, pet. denied).

[3] *Bracey v. City of Killeen*, 417 S.W.3d 94, 99 (Tex.App.–Austin 2013, no pet.h.)

[4] *Guthery v. Taylor*, 112 S.W.3d 717, 722 (Tex.App.–Houston [14th Dist.] 2003, no pet.)

Coleman was Rogers's direct supervisor and had the authority to fire Rogers. Rogers pleads that Coleman fired him because of a series of disagreements about how to manage the police department. The requirement that Coleman investigate and prove Rogers's misconduct to himself is nonsensical. Further, such a requirement assumes that Coleman is a complainant. Coleman is a victim of Rogers's misconduct only in the sense that he was forced to manage a city with the assistance of an uncooperative police chief.

Adopting Rogers's interpretation of the statute would require compliance with the procedure when any peace officer in the State of Texas is fired based on performance.

Rogers was not protected by the statute because he was not fired because of a complaint. He fails to state a deprivation of process claim.

This claim will be dismissed with prejudice.

5.    *Liberty Interest.*

"[Liberty] denotes not merely freedom from bodily restrain but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized as essential to the orderly pursuit of happiness by free men."[5]

Rogers claims Coleman's statements (a) to the press that Rogers was fired for negligence and (b) to the Texas Commission on Law Enforcement that Rogers was generally discharged violated a constitutionally protected liberty interest by hindering his future employment opportunities.

A dismissal from at-will employment that seriously damages an employee's standing in the community by falsely and intentionally claiming he was dishonest may implicate a liberty claim. Coleman said Rogers was terminated for negligence and declined to comment further. It is difficult to imagine a more restrained response. Being fired has natural consequences. Those consequences do not deprive a person of liberty.

This claim will be dismissed with prejudice.

---

[5] *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972).

6.      *Freedom of Speech.*

Rogers pleads that he was terminated "in retaliation for the legitimate pursuit of his duties." When a public employee speaks in the course of performing his duties, his speech is not protected by the First Amendment.[6]

This claim will be dismissed with prejudice.

7.      *Texas Whistle-blower Act.*

The Whistle-blower Act required Rogers to (a) initiate a grievance procedure within ninety days of his termination and (b) file suit within ninety days of the end of the grievance procedure.

On July 10, 2014, the City fired Rogers. Rogers notified the City of his complaint on September 3, 2014. On September 16, 2014, the City declined to offer any further process, exhausting the grievance procedures. Rogers had ninety days from September 16, 2014, to file suit. He waited more than a year, until October 8, 2015.

Rogers's claim under the Texas Whistle-blower Act is barred by limitations. It will be dismissed with prejudice

8.      *Claims Against Others.*

Rogers did not describe actions by people or entities other than Coleman and the City that harmed him. Nonetheless, Rogers names six additional defendants who work for the City. The claims against them will be dismissed as brought improvidently or, more likely, maliciously.

9.      *Conclusion.*

Despite multiple amendments and a hodgepodge of legal theories, Rogers's complaint does not describe a transaction that the law recognizes. It will be dismissed with prejudice.

Signed on December 2, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] *Garcetti v. Ceballos*, 547, U.S. 410, 421 (2006).